T.C. Summary Opinion 2017-31

UNITED STATES TAX COURT

SHARON M. NIELSEN AND STEVE L. NIELSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20050-15S.                    Filed May 8, 2017.

Sharon M. Nielsen and Steve L. Nielsen, pro se.

<u>Mark A. Nelson</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 14, 2015 (notice), respondent determined a $5,297 deficiency in petitioners' 2012 Federal income tax. The issue for decision is whether petitioners are entitled to a depreciation deduction in an amount greater than respondent allowed.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in California.

Petitioners owned several rental real estate properties (rental properties) in 2012 in Whittier, California: 7756/7758/7760 Newlin Ave. (7756 Newlin property); 13451 A:F Camilla St. (Camilla property); and 6522-6524 Newlin Ave. (6522 Newlin property).

Mr. Nielsen purchased the 7756 Newlin property for $360,000 in 2003. At the time there were three buildings erected on it. In 2012 the Los Angeles County Office of the Assessor assessed the 7756 Newlin property at a value of $425,324, of which amount $189,032 was attributable to improvements and $236,292 was

_____

[1](...continued)
Code of 1986, as amended and in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

attributable to land. Simple mathematics shows that according to the tax assessor's office, the value of the improvements constituted 44.4% of the total value of the property.

Petitioners purchased the Camilla property for $750,000 in 2003. At the time there were four buildings erected on it. In 2003 Hawthorne Savings (Hawthorne) performed a professional appraisal of the Camilla property and determined a value of $750,000, attributing $255,486 to improvements and the balance to land. In 2012 the Los Angeles County Office of the Assessor assessed the Camilla property at a value of $795,000, of which amount $305,800 was attributable to improvements and $489,200 was attributable to land. According to the Hawthorne appraisal the improvements constituted 34% of the total value of the property; according to the tax assessor's office, the value of the improvements constituted 38.4% of the total value of the property.

Petitioners purchased the 6522 Newlin property for $520,000 in 2011. At the time there were two buildings erected on it. In 2013 the Los Angeles County Office of the Assessor assessed the 6522 Newlin property at a value of $532,807, of which amount $163,940 was attributable to improvements and $368,867 was attributable to land. According to the tax assessor's office, the value of the improvements constituted 30.7% of the total value of the property.

On October 4, 2012, Santos H. Kreimann, chief deputy assessor for the Los Angeles County Office of the Assessor, sent a letter to William T. Fujioka, chief executive officer of the County of Los Angeles, identifying "critical tasks requiring immediate attention" (October 4, 2012, letter). In the October 4, 2012, letter Mr. Kreimann described, among other things, plans to upgrade the Los Angeles County Office of the Assessor's information technology to replace "existing systems which no longer provide the required functionality and reliability" and improve access to the Multiple Listing Service to increase the accuracy of appraisals.

On a Schedule E, Supplemental Income and Loss, attached to petitioners' timely filed 2012 Federal income tax return they claimed depreciation deductions with respect to the rental properties using the straight-line method of depreciation with a recovery period of 27.5 years. Petitioners included the cost of the land and improvements in their calculations of depreciable basis for the rental properties, resulting in the following depreciation deductions for the rental properties:

| Rental Property | Amount |
| --- | --- |
| 7756 Newlin property | $14,064 |
| Camilla property | 32,312 |
| 6522 Newlin property | 22,862 |

In the notice respondent disallowed: (1) $7,406 of the $14,064 depreciation deduction claimed with respect to the 7756 Newlin property; (2) $15,954 of the $32,312 depreciation deduction claimed with respect to the Camilla property; and (3) $15,105 of the $22,862 depreciation deduction claimed with respect to the 6522 Newlin property. According to the notice, respondent's disallowance of portions of the depreciation deductions is attributable to a redetermination of the depreciable basis of each rental property according to an apportionment of value between improvements and land as follows:

| Property | Ratio |
|----------|-------|
| 7756 Newlin property | 0.444 |
| Camilla property | 0.38 |
| 6522 Newlin property | 0.31 |

The ratios used in the notice are derived from the Los Angeles County Office of the Assessor's assessment apportioning value between improvements and land. Taking into account additional information from the Los Angeles County Office of the Assessor, respondent now contends that the ratio should be 0.46 for the Camilla property.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any

claimed deduction.[2] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 167(a) allows as a depreciation deduction a reasonable allowance for the exhaustion, wear, and tear of property used in a trade or business. The purpose of the deduction for depreciation is to allow the taxpayer to recover over the useful life of the property its cost or other basis. United States v. Ludey, 274 U.S. 295, 300-301 (1927). Pursuant to section 168(a), the depreciation deduction for any tangible property generally is to be determined by using the applicable depreciation method, the applicable convention, and the applicable recovery period.

Generally, depreciation is computed by using the cost of the property as its basis. Secs. 167(c), 1011, 1012; sec. 1.167(g)-1, Income Tax Regs. If depreciable property and nondepreciable property such as real property with improvements are bought for a lump sum, the cost must be apportioned between the land and the improvements. United States v. Hill, 506 U.S. 546, 559 (1993); sec. 1.167(a)-5, Income Tax Regs. In making this allocation, section 1.167(a)-5, Income Tax Regs., provides:

---

[2]Petitioners do not claim and the record does not show that the provisions of sec. 7491(a) apply here, and we proceed as though they do not.

In the case of the acquisition on or after March 1, 1913, of a combination of depreciable and nondepreciable property for a lump sum, as for example, buildings and land, the basis for depreciation cannot exceed an amount which bears the same proportion to the lump sum as the value of the depreciable property at the time of acquisition bears to the value of the entire property at that time. * * *

The relevant inquiry is the respective fair market values of the depreciable and nondepreciable property at the time of acquisition. Weis v. Commissioner, 94 T.C. 473, 482-483 (1990); Randolph Bldg. Corp. v. Commissioner, 67 T.C. 804, 807 (1977).

Petitioners claimed depreciation deductions with respect to the rental properties as though the depreciable basis of each property included both the value of the improvements and the land. Respondent disallowed portions of the depreciation deductions on the grounds that petitioners had incorrectly included the cost of the nondepreciable land in their calculations of depreciable basis for the rental properties. Petitioners now agree that the value of the land should not have been included in their calculations of the depreciable bases of the rental properties, however, they contend that respondent's allocations to land values were excessive.

Petitioners raise various challenges to the accuracy and credibility of respondent's reliance on the Los Angeles County Office of the Assessor's

assessments and instead rely on two alternative methods of valuation: (1) land sales method and (2) insurance method.

Petitioners assert, among other things, that the Los Angeles County Office of the Assessor's data "is extraordinarily inaccurate" and internally inconsistent. We have carefully reviewed the record, including the October 4, 2012, letter and a document titled "Parcel Detail--Los Angeles County Assessor Portal" on which petitioners rely, and do not share their concerns with respect to the reliability or unreliability of the Los Angeles County Office of the Assessor's assessments.

Nor do we give much weight to the after-the-fact allocations that petitioners advance in this proceeding. Although we acknowledge that the owner of property is qualified by his ownership alone to testify as to its value, see Dehmer Distributors, Inc., v. Temple, 826 F.2d 1463, 1466 (5th Cir. 1987); United States v. Laughlin, 804 F.2d 1336, 1340 (5th Cir. 1986); Dietz v. Consolidated Oil & Gas, Inc., 643 F.2d 1088, 1094 (5th Cir. 1981); Kestenbaum v. Falstaff Brewing Corp., 514 F.2d 690, 698 (5th Cir. 1975), modified on other grounds en banc, 575 F.2d 564 (5th Cir. 1978), we are aware of no authority that suggests that the qualification extends to an allocation of the value of property between land and improvements.

As between petitioners' allocations and the allocations based upon the Los Angeles County Office of the Assessor's assessments, we find the latter to be more reliable and persuasive. We note that the Hawthorne appraisal and allocations with respect to the Camilla property supports our finding in this regard. Accordingly, petitioners' allowable depreciation deductions are limited to the amounts now allowed by respondent.

To reflect the foregoing,

Decision will be entered

under Rule 155.